FILED
United States Court of Appeals
Tenth Circuit

November 10, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

VISITH NY,

      Plaintiff - Appellant,

v.

RANDY LIND; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Defendants - Appellees.

No. 15-1194
(D.C. No. 1:15-CV-00697-LTB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Mr. Visith Ny was convicted of two counts of first degree extreme indifference murder under Colorado state law. The conviction became final in 2003, and Mr. Ny had one year to file a federal habeas petition. 28 U.S.C. § 2244(d)(1) (2012). He filed a federal habeas petition, but not until 2015. Because Mr. Ny did not file the habeas petition within one year, the district court dismissed the action as untimely.

Mr. Ny has applied for a certificate of appealability in order to appeal the dismissal of his habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (2012). We can issue the certificate only if reasonable jurists would find the district court's procedural determination reasonably debatable. *See*

*Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (holding that when the district court denies a habeas corpus petition based on timeliness, the court of appeals can issue a certificate of appealability only if the district court's decision on timeliness is at least reasonably debatable). Because Mr. Ny has not presented a reasonably debatable argument on timeliness, we dismiss the appeal.

## I.    The One-Year Deadline

The limitations period ordinarily begins when the conviction became final. 28 U.S.C. § 2244(d)(1)(A) (2012). Because the conviction became final in June 2003, he ordinarily would have had to file a federal habeas petition by June 2004. Because he did not file a federal habeas petition until 2015, the action would generally be considered time-barred.

We liberally construe the habeas petition and Mr. Ny's appellate filings. *Davis v. McCollum*, 798 F.3d 1317, 1319 n.2 (10th Cir. 2015). Mr. Ny contends he was unable to timely file the federal habeas petition because his post-conviction counsel was ineffective. Through counsel, Mr. Ny filed a state post-conviction motion in July 2008, long after the federal habeas deadline had passed. The motion was denied and the appeals were ultimately unsuccessful.

Mr. Ny asserts that post-conviction counsel not only failed to inform him of the federal habeas one-year filing deadline, but also told him not to worry about the timing. But Mr. Ny did not raise this issue in the district

2

court, so "we consider the argument forfeited." *Hancock v. Trammell*, 798 F.3d 1002, 1011 (10th Cir. 2015) (internal quotation marks omitted).

Even if Mr. Ny had raised the issue in district court, he could not prevail. Mr. Ny "cannot successfully assert that his counsel was constitutionally ineffective at the post-conviction stage because there is no constitutional right to an attorney in state post-conviction proceedings." *Smallwood v. Gibson*, 191 F.3d 1257, 1266 n.4 (10th Cir. 1999) (brackets and internal quotation marks omitted).

We conclude that any reasonable jurist would regard the habeas action as untimely. As a result, we decline to issue a certificate of appealability on that ground. Therefore, we need not address Mr. Ny's remaining arguments.

## II. In Forma Pauperis Status

Mr. Ny seeks leave to proceed in forma pauperis. The district court denied leave to proceed in forma pauperis in the appeal. We agree with the district court that this appeal was not taken in good faith, for Mr. Ny lacked a good faith basis to challenge the decision on timeliness. Thus, we deny Mr. Ny's request for leave to proceed in forma pauperis. Based on this determination, we remind Mr. Ny that he remains liable for his appellate fees.

3

**III.    Conclusion**

We deny Mr. Ny's motion to proceed in forma pauperis and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge