FILED
United States Court of Appeals
Tenth Circuit

September 16, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MIGUEL CARDOSO,

      Petitioner-Appellant,

v.

TRACY McCOLLUM; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents-Appellees.

No. 15-6208

(D.C. No. 5:14-CV-00618-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **BALDOCK**, and **PHILLIPS**, Circuit Judges.[**]

Petitioner Miguel Cardoso was seventeen years old when he shot and killed
Joe Ortega in 1993. In 1994, an Oklahoma state jury convicted Petitioner of first
degree murder. The jury recommended a sentence of life without the possibility
of parole and the trial court accepted that recommendation. The Oklahoma Court
of Criminal Appeals affirmed Petitioner's conviction and sentence.

---

[*]This Order and Judgment is not binding precedent except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]In accord with the order issued on September 9, 2016, and after examining
the briefs and appellate record, this three-judge panel has determined unanimously
that oral argument would not be of material assistance in the determination of this
appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).

Eighteen years later, the Supreme Court of the United States decided <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012). In <u>Miller</u>, two fourteen-year-old offenders were convicted of murder (one in Alabama; the other in Arkansas) and sentenced to life imprisonment without the possibility of parole. Unlike Oklahoma's sentencing scheme, the applicable sentencing schemes in <u>Miller</u> did not authorize any other sentence. Analogizing juvenile life sentences to capital punishment, the Supreme Court held the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders *because* "[s]uch a scheme prevents those meting out punishment from considering a juvenile's lessened culpability and greater capacity for change, and runs afoul of our cases' requirement of individualized sentencing for defendants facing the most serious penalties." <u>Id.</u> at 2460 (emphasis added) (internal citations and quotations omitted).

Shortly after the Supreme Court decided <u>Miller</u>, Petitioner, with the assistance of counsel, sought post-conviction relief in Oklahoma state court. The trial court in which he was convicted rejected Petitioner's argument that <u>Miller</u> rendered his sentence of life without the possibility of parole unconstitutional: "In Petitioner's case, the Oklahoma Statutes did not mandate a sentence of life without parole. The trial court was allowed by law the option of sentencing Petitioner to either a sentence of life, or life without parole. Therefore, <u>Miller v. Alabama</u> does not apply to Petitioner's case." <u>Cardoso v Oklahoma</u>, No. CRF-93-

2

143, Order at 2 (Jackson Co., Okla., filed Aug. 29, 2013). The Oklahoma Court of Criminal Appeals summarily affirmed. Cardoso v. Oklahoma, No. PC 2014-0308, Order (Okla. Crim. App., filed June 11, 2014).

Now appearing pro se, Petitioner next sought federal habeas relief pursuant to 28 U.S.C. § 2254. Applying AEDPA's deferential standard of review, see 28 U.S.C. § 2254(d), the district court rejected Petitioner's claim on the merits. The court ruled the Oklahoma courts' decision that Miller did not apply to Petitioner's claim was neither contrary to, nor an unreasonable application of, Supreme Court law:

> First, Respondent [State of Oklahoma] argues Miller is not retroactively applicable. Second Respondent argues that if Miller is retroactively applicable, then in accordance with the finding of the [Oklahoma courts], it does not apply to Petitioner's sentence because he was not sentenced under a scheme that mandated life imprisonment without the possibility of parole.
>
> * * *
>
> Here, the [court] concludes that it is not necessary to determine whether Miller is retroactively applicable to Petitioner's sentence. . . . At the time of Petitioner's offense, Oklahoma's homicide statute provided that "a person who is convicted . . . of murder in the first degree shall be punished by death, by imprisonment for life without parole or by imprisonment for life." (Okla. Stat. tit. 21, § 701.9(A) (1991)).

Cardoso v. McCollum, No. Civ-14-618-M, Report and Recommendation at 10–12 (W.D. Okla., filed May 26, 2015) (record citations omitted), adopted in full, No. Civ-14-618-M, Order at 1 (W.D. Okla., filed Sept. 28, 2015).

After the district court denied Petitioner a certificate of appealability (COA), he applied to us for the same. See 28 U.S.C. § 2253(c)(1)(A). While

3

Petitioner's application was pending, the Supreme Court held in <u>Montgomery v. Louisiana</u>, 136 S. Ct. 718 (2016), that <u>Miller</u>'s holding established a new substantive rule of constitutional law and applied retroactively to juvenile offenders whose convictions and sentences were final before <u>Miller</u>.  In <u>Montgomery</u>, the Court described <u>Miller</u>'s holding as perhaps broader than some previously believed:  "In <u>Miller v. Alabama</u>, . . . the Court held that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing."  <u>Montgomery</u>, 136 S. Ct. 725.  The <u>Montgomery</u> Court explained:

> <u>Miller</u> *required* that sentencing courts consider a child's "diminished culpability and heightened capacity for change" before condemning him or her to die in prison.  [<u>Miller</u> 132 S. Ct.  at 2469].  Although <u>Miller</u> did not foreclose a sentencer's ability to impose life without parole on a juvenile, the Court explained that a lifetime in prison is a disproportionate sentence for all but the rarest of children, those whose crimes reflect "'irreparable corruption.'"  <u>Ibid.</u>.

<u>Montgomery</u>, 136 S. Ct. at 726 (emphasis added).  In a written order for the Court, Judge Lucero directed the appointment of counsel for Petitioner and issued a COA limited to the following question:  "[W]hether in light of <u>Montgomery v. Louisiana</u> . . . [Petitioner's] sentence of life without parole, imposed [for a crime he committed] when he was a juvenile, violates the Eighth Amendment."  <u>Cardoso v. McCollum</u>, No. 15-6208, Order Granting COA at 4 (10th Cir., filed Jan 29, 2016).

4

\* \* \*

Merits' briefing of Petitioner's appeal is now complete. And his request for relief is two-fold. Petitioner first asks us to hold the district court unreasonably applied Miller to his case. Petitioner argues Miller stands for more than the proposition that a mandatory sentence of life without the possibility of parole for a juvenile convicted of murder violates the Eighth Amendment. According to Petitioner, Miller stands for the proposition that a juvenile convicted of murder must receive an individualized sentencing hearing which permits the sentencer to consider the character and record of the offender, the circumstances of the offense, and the possible presence of mitigating factors.[1] See Miller 132 S. Ct. at 2467. Consistent with his position, Petitioner also asks us to consider the

---

[1] We are well aware of our decision in Davis v. McCollum, 798 F.3d 1317 (10th Cir. 2015), which was delivered post Miller but, importantly, pre Montgomery. In Davis, a panel of this Court denied a COA to an Oklahoma petitioner who was sentenced to life without the possibility of parole after committing a murder at the age of sixteen. The panel observed that "[a]t the time of Davis' conviction, Oklahoma allowed the sentencing authority discretion to impose life with the possibility of parole when sentencing a person convicted of first-degree murder." Id. at 1321. The panel then opined that "Miller said nothing about non-mandatory life-without parole sentencing schemes and thus cannot warrant granting relief from a life-without-parole sentence imposed under such a scheme. That suffices to resolve this case." Id. The panel noted petitioner's argument that "Miller also established more stringent prerequisites to imposing life without the possibility of parole on juvenile offenders, even in non-mandatory schemes," but concluded petitioner had waived such argument: "[H]e does not develop the argument beyond pointing to his counsel's allegedly ineffective behavior. . . . And . . . he waived any challenge to the [district] court's determination that his ineffective-assistance claims were untimely." Id.

5

state court record of his sentencing and hold such proceedings ran afoul of <u>Miller</u>.

At this point, the principle problem with Petitioner's approach is the district court has had no opportunity (nor the Oklahoma state courts for that matter) to pass on the meaning of <u>Miller</u> post <u>Montgomery</u>.[2]  And *assuming without deciding* that Petitioner's reading of <u>Miller</u> is correct, the district court has had no opportunity to review the record of the original state court proceedings to determine if they comport with <u>Miller</u>.  Petitioner well understands the problem as illustrated by two pending motions he has placed before us.  The first is a motion to abate or stay the present appeal while he returns to state court to ask for reconsideration in light of <u>Montgomery</u>.  The second is a motion to supplement the record on appeal, or what Petitioner mislabels as a motion to take judicial notice of the state court record.

But Petitioner presents us with no authority to suggest that a federal appeals court may simply bypass the district court and employ a stay and abeyance procedure in the context of a § 2254 appeal so that a state court may reconsider a prior ruling.  (Petitioner's reliance on <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) persuades us that a federal district court may employ such procedure under limited circumstances).  Nor does Petitioner present us with authority to suggest

_____

[2]  We are skeptical of any suggestion that <u>Montgomery</u> extended rather than simply explained <u>Miller</u>'s holding.  After all, the only issue in <u>Montgomery</u> was whether <u>Miller</u>'s holding applies retroactively.

6

that a federal appeals court may review a state court record in the context of a § 2254 appeal absent initial review of that record in the district court.

\* \* \*

Accordingly, the order and judgment of the district court denying Petitioner a Writ of Habeas Corpus are vacated and this matter is remanded to the district court for further proceedings. Petitioner's pending motions are denied *without prejudice* so that he may renew them in the district court if he so chooses. If Petitioner's presently appointed counsel is unable to represent him in the District of Oklahoma, the district court shall appoint substitute counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) & (c) (providing for the appointment of counsel in § 2254 proceedings and for the substitution of counsel in such proceedings where the interests of justice so requires).

VACATED and REMANDED.

Entered for the Court

Per Curiam