| | |
|---|---|
| **UNITED STATES COURT OF APPEALS** | **Tenth Circuit** |
| **FOR THE TENTH CIRCUIT** | **October 9, 2019** |

DAVID CHARLES WELLS,

Petitioner - Appellant,

v.

JAMES FALK; PHIL WEISER, Attorney
General, State of Colorado,

Respondents - Appellees.

No. 19-1185
(D.C. No. 1:18-CV-02211-PAB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Petitioner David Wells, a Colorado state prisoner appearing pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

28 U.S.C. § 2254 petition for post-conviction relief. He also seeks to proceed *in*

*forma pauperis*. We deny both of Petitioner's requests.

I.

A jury convicted Petitioner of first-degree murder and other crimes in

Colorado state court. The state court sentenced Petitioner to life in prison without

the possibility of parole. The Colorado Court of Appeals ("CCA") affirmed the

---

*This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

convictions on direct appeal, and the Colorado Supreme Court denied Petitioner's petition for writ of certiorari. Petitioner then filed a motion for post-conviction relief in Colorado state court. The trial court denied relief, and the CCA affirmed. The Colorado Supreme Court again denied Petitioner's petition for writ of certiorari. Petitioner filed a second motion for state post-conviction relief, which he characterized as an "Addendum." The state trial court denied the "Addendum," the CCA affirmed, and the Colorado Supreme Court once more denied review.

Petitioner next filed an application for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The district court denied Petitioner's application. The district court also declined to issue a COA after concluding that he had not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2). Petitioner now asks us for a COA.

## II.

A COA is a jurisdictional prerequisite to our review of a habeas application. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[w]e will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)). Under that standard, "the applicant must show 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" United States v.

2

Taylor, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Our "inquiry does not require full consideration of the factual or legal bases adduced in support of the claims" but rather "an overview of the claims" and "a general assessment of their merits." Miller-El, 537 U.S. at 336.

Under AEDPA, we may grant habeas relief to an individual in state custody on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Davis v. McCollum, 798 F.3d 1317, 1319 (10th Cir. 2015) (quoting 28 U.S.C. § 2254(d)(1)–(2)).

## III.

In asking us for a COA, Petitioner abandons certain arguments that he made before the district court. He now focuses exclusively on his claim that trial counsel was ineffective by allowing his speedy trial rights to be violated by obtaining a continuance, and by failing to present certain evidence.

To demonstrate ineffective assistance of counsel, Petitioner must demonstrate that (1) his counsel's performance "fell below an objective standard of reasonableness" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687–88 (1984). "Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has—and must have—full authority

3

to manage the conduct of the trial." Taylor v. Illinois, 484 U.S. 400, 417–18 (1988). The decision to request a continuance falls squarely within a lawyer's authority. See New York v. Hill, 528 U.S. 110, 115 (2000) (reasoning that "[s]cheduling matters are plainly among those for which agreement by counsel generally controls").

Here, Petitioner alleges that trial counsel sought and obtained a four-month continuance over his objection. According to Petitioner, trial counsel sought the continuance to recruit a DNA expert and conduct additional crime scene analysis but failed to use the continuance for that purpose. Both the decision to seek a continuance and the use of it are strategic decisions entitled to "a heavy measure of deference to counsel's judgments." See Strickland, 466 U.S. at 691.

Moreover, Petitioner fails to demonstrate any way in which the result of the trial would have been different if his counsel had not sought or obtained the continuance. See id. at 694 (under the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Petitioner only speculates that forensic evidence may have supported his testimony, but our review of the record does not indicate that evidence helpful to Petitioner's theory exists or that trial counsel was ineffective in failing to discover it during the continuance. See Byrd v. Workman, 645 F.3d 1159, 1168 (10th Cir. 2011) (observing that "mere speculation is not sufficient" to establish prejudice). Because he fails to establish either required prong under Strickland, Petitioner likewise fails to demonstrate that reasonable jurists

4

could debate whether he is entitled to relief on this ground. See Taylor, 454 F.3d at 1078. Accordingly, we do not grant a COA to Petitioner on this issue.[1]

Petitioner next argues that his trial counsel acted ineffectively by failing to present additional evidence to support his theory of self-defense during trial. The accused does not have an "unfettered right" to offer any evidence he wishes to present. Taylor, 484 U.S. at 410. Rather, which evidence to present at trial and which witnesses to call are strategic decisions generally within the purview of trial counsel. See Sallahdin v. Mullin, 380 F.3d 1242, 1248 (10th Cir. 2004) (attributing counsel's decision not to present certain evidence to trial strategy).

Although Petitioner provides examples of omitted evidence that he thinks could have been helpful to his defense, he fails to demonstrate that the available evidence supports his theory of self-defense. See Boyle v. McKune, 544 F.3d 1132, 1138–39 (10th Cir. 2008) (holding that defense counsel's failure to call a medical expert to refute the prosecution's theory did not prejudice the defendant). As the CCA determined, Petitioner has never identified a specific expert who could have testified consistently with his interpretation of the evidence. Instead, the record demonstrates that trial counsel extensively cross-examined the forensic pathologist

---

[1] In support of his arguments on this issue, Petitioner cites no cases beyond those outlining the authority the district court relied upon to deny his petition. See Fed. R. App. P. 28(a)(8)(A) (providing that an argument "must contain" a petitioner's "contentions and the reasons for them, with citations to the authorities . . . on which the [petitioner] relies"). To the extent Petitioner questions the trial court's judgment in granting the continuance, that does not demonstrate ineffective assistance of counsel, nor does it demonstrate he suffered any prejudice from the continuance.

who had conducted the victim's autopsy. Despite Petitioner's contentions, the available forensic evidence may even undermine Petitioner's self-defense argument. See id. at 1138 (observing that "the speculative witness is often a two-edged sword" because "as easily as one can speculate about favorable testimony, one can also speculate about unfavorable testimony"). Perhaps mindful of that issue, trial counsel made the strategic decision not to call a medical expert, and that decision is entitled to "a heavy measure of deference." See Strickland, 466 U.S. at 691.

Moreover, the CCA reasoned that even if counsel had found a medical expert to offer testimony in support of Petitioner's self-defense theory, overwhelming evidence of Petitioner's guilt, including the forensic evidence presented by the prosecution, had foreclosed a "reasonable probability" of a different outcome at trial. See id. at 694. We agree with the CCA's conclusion. Because Petitioner provides no convincing argument that additional medical testimony would have meaningfully supported his defense, he cannot demonstrate that reasonable jurists could debate whether he is entitled to relief on this ground. See Taylor, 454 F.3d at 1078. Accordingly, we do not grant a COA to Petitioner on this issue.

IV.

For the foregoing reasons, we deny Petitioner's application for a COA and dismiss this matter.  We also deny Petitioner's request to proceed *in forma pauperis*.[2]

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[2] Given the multiple post-conviction relief petitions Petitioner has filed challenging his conviction, we conclude that Petitioner's request for a COA lacked good faith.  See Coppedge v. United States, 369 U.S. 438, 444 (1962).  Accordingly, we deny his request for *in forma pauperis* status.