FILED
United States Court of Appeals
Tenth Circuit

December 12, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TIAHMO LENELL DRAINE,

    Defendant - Appellant.

No. 24-6111
(D.C. Nos. 5:23-CV-00239-F &
5:19-CR-00319-F-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

Tiahmo Lenell Draine moved under 28 U.S.C. § 2255 to vacate his sentence.  The

district court denied the motion, and Mr. Draine, representing himself, seeks to appeal.

We deny his application for a certificate of appealability (COA) and dismiss this matter.

## I.  BACKGROUND

We outlined the underlying factual and procedural background of this case in our

decision denying Mr. Draine's direct appeal.  *See United States v. Draine*, 26 F.4th 1178,

1182–86 (10th Cir. 2022).  Suffice to say that a jury convicted Mr. Draine of possession

with intent to distribute heroin (Count 1), possession of a firearm as a felon (Count 2),

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and possession of a firearm in furtherance of a drug trafficking crime (Count 3). He appealed, challenging the district court's admission of certain testimony and a 911 call recording, and we affirmed. *See id.* at 1182.

Mr. Draine brought a timely § 2255 motion, asserting that his trial counsel and appellate counsel were ineffective. Specifically, he claimed trial counsel was ineffective for failing to (1) file a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, and (2) request a specific unanimity instruction. He claimed appellate counsel was ineffective for failing to appeal the jury's verdict on Count 3. The district court rejected all three claims on the merits, concluding that he failed to establish that counsel's performance was deficient. Mr. Draine's § 2255 motion also directly challenged Count 3 for sufficiency of the evidence. The district court declined to address the merits of that claim, finding it was procedurally defaulted because he failed to raise the issue on direct appeal. Ultimately, the district court denied Mr. Draine's § 2255 motion without a hearing and denied a COA.

Mr. Draine now seeks to appeal.

## II. DISCUSSION

To appeal from the district court's denial of his § 2255 motion, Mr. Draine must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). A COA is appropriate when a movant makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Because the district court ruled on the merits of his ineffective assistance of counsel claims, Mr. Draine "must demonstrate that reasonable jurists would find the district court's assessment of [those] claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.

2

473, 484 (2000). And because the district court denied his direct challenge to Count 3 for procedural reasons, Mr. Draine must show, with respect to that claim, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

We recognize that Mr. Draine represents himself, and we have therefore construed his filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But even the most liberal reading of his filings uncovers no arguments challenging the district court's merits rulings or its procedural ruling. And we cannot craft arguments against those rulings on Mr. Draine's behalf because doing so would require us to take on an advocate's role. *See id.*

As Mr. Draine does not challenge the district court's rejection of his claims that trial counsel and appellate counsel were ineffective, he has waived any argument that reasonable jurists would find the district court's assessment of those claims debatable or wrong. *See United States v. Walker*, 918 F.3d 1134, 1151 (10th Cir. 2019). Mr. Draine also makes no challenge to the district court's procedural ruling, so he has waived any argument that reasonable jurists could debate it. *See Davis v. McCollum*, 798 F.3d 1317, 1320 (10th Cir. 2015).

Mr. Draine argues his convictions for Count 1 and Count 3 are invalid because he only possessed a personal-use quantity of heroin, and he requests an evidentiary hearing to prove it. We will not consider this argument because he did not raise it in his § 2255 motion before the district court. *Stouffer v. Trammell*, 738 F.3d 1205, 1221 n.13

(10th Cir. 2013) ("We do not generally consider issues that were not raised before the district court as part of the habeas petition.").

### III.  CONCLUSION

We deny Mr. Draine's application for a COA and dismiss this matter.

Entered for the Court


Gregory A. Phillips
Circuit Judge