**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 2, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VENANCIO VIGIL, JR.,

     Petitioner - Appellant,

v.

PAUL SNYDER,

     Respondent - Appellee.

No. 25-3196
(D.C. No. 5:25-CV-03170-JWL)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Venancio Vigil, a Kansas prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's order dismissing his 28 U.S.C.

§ 2254 habeas petition as procedurally barred. Because Vigil makes no argument

suggesting that reasonable jurists could debate the district court's ruling, we deny his

COA request and dismiss this matter.

In 2017, a Kansas jury convicted Vigil of attempted second-degree murder and

aggravated battery, and the state trial court sentenced him to 247 months in prison. The

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] Although we liberally construe Vigil's pro se filings, we do not act as his advocate or create arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Kansas Court of Appeals affirmed, holding that although the trial judge made several improper comments, none rose to the level of reversible error either individually or collectively. *State v. Vigil*, No. 118,670, 2020 WL 741702, at *1 (Kan. Ct. App. Feb. 14, 2020) (unpublished). The Kansas Court of Appeals court later affirmed the denial of state postconviction relief, rejecting all four of Vigil's ineffective-assistance-of-counsel claims. *Vigil v. State*, No. 126,390, 2025 WL 438854, *1 (Kan. Ct. App. Feb. 7, 2025) (unpublished), *rev. denied* July 31, 2025.

Vigil then filed a pro se federal habeas petition under 28 U.S.C. § 2254, asserting four grounds for relief. As the district court summarized, Vigil asserted that (1) the victim "committed perjury and the State knowingly used the perjured testimony," R. 78; (2) a detective "committed perjury under oath, improperly logged evidence[,] and gave evidence of drug paraphernalia found at the crime scene to the [victim's] mother so she could dispose of it," *id.*; (3) the victim "solicited support for the convictions on social media" and "trial witnesses engaged in conversation in violation of a sequestration order," *id.* at 78–79; and (4) the prosecution violated Vigil's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose an eyewitness's statement that Vigil did not look like the person she saw at the crime scene.

The district court reviewed Vigil's petition and issued a detailed show-cause order explaining that Vigil's claims appeared to be unexhausted and "barred by anticipatory procedural default." R. 67; *see also Fontenot v. Crow*, 4 F.4th 982, 1018–19 (10th Cir. 2021) (explaining legal principles of exhaustion and anticipatory procedural default). The district court directed Vigil to respond with any arguments for why "some or all of the

2

asserted grounds for federal habeas relief were exhausted or are not barred by anticipatory procedural default" or for the application of the cause-and-prejudice or actual-innocence exceptions to procedural default. R. 64; *see also Fontenot*, 4 F.4th at 1028 (explaining exceptions).

Vigil filed a pro se response arguing for both exceptions. The district court first ruled that the alleged ineffectiveness of Vigil's trial counsel was not cause to excuse Vigil's failure to "fairly present to the state *appellate* courts the issues he raises in his federal habeas petition." R. 81 (emphasis added). That was because nothing suggested Vigil's trial counsel had anything to do with the issues raised on direct appeal or in postconviction proceedings. *See Fontenot*, 4 F.4th at 1029 (noting that cause "ordinarily turn[s] on . . . some objective factor external to the defense [that] impeded counsel's efforts to comply with the [s]tate's procedural rule" (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986))). Second, the district court rejected Vigil's actual-innocence argument. It reasoned that even if the eyewitness had testified that Vigil didn't look like the man who committed the crime, such testimony would not "have made it more likely than not that no reasonable juror would have found [Vigil] guilty beyond a reasonable doubt"— the victim himself, who was stabbed in the abdomen while facing his assailant, identified Vigil as that assailant. R. 82; *see also Fontenot*, 4 F.4th at 1029–30 (detailing actual-innocence standard). Thus, the district court ruled that Vigil's claims were unexhausted and barred by anticipatory procedural default, dismissed Vigil's petition with prejudice, and declined to issue a COA.

Vigil now requests a COA from this court to challenge the dismissal of his habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A). We will grant a COA if Vigil can "show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If we conclude that reasonable jurists would not debate the district court's procedural ruling, we need not address the constitutional question. *See id.* at 484–85.

Vigil's combined opening brief and COA application discusses various alleged trial errors, some of which relate to the four claims in his § 2254 petition and some of which do not. What Vigil's filing does *not* do is challenge the district court's procedural rulings that his claims are unexhausted, subject to an anticipatory procedural bar, and not exempt from that bar by virtue of cause and prejudice or actual innocence. He has accordingly waived any argument that reasonable jurists could debate the district court's rulings. *See Davis v. McCollum*, 798 F.3d 1317, 1320 (10th Cir. 2015) (holding that habeas petitioner "waived any potential challenge to" district court's procedural ruling "by failing to address it in his opening brief on appeal"). We therefore deny his COA request and dismiss this appeal. But we grant Vigil's motion to proceed in forma pauperis.

Entered for the Court

Nancy L. Moritz
Circuit Judge

4