**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

C.S. ROBLEDO,

    Petitioner - Appellant,

v.

EXECUTIVE DIRECTOR OF CDOC;
THE ATTORNEY GENERAL OF THE
STATE OF COLORADO,

    Respondents - Appellees.

No. 25-1151
(D.C. No. 1:24-CV-02430-LTB-RTG)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **BACHARACH**, **KELLY**, and **EID**, Circuit Judges.
_____

C.S. Robledo, proceeding pro se,[1] seeks a certificate of appealability ("COA") to

appeal from the district court's denial of Robledo's 28 U.S.C. § 2254 habeas application.

We deny a COA and dismiss this matter.

A Colorado jury convicted Robledo of stalking, harassment, and violating a

protection order.  The Colorado Court of Appeals affirmed the convictions, and the

Colorado Supreme Court denied certiorari review.  Robledo then filed a § 2254 habeas

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Robledo's filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

application in federal court, claiming that (1) the stalking conviction violated the First Amendment; (2) trial counsel provided ineffective assistance by opening the door to evidence of Robledo's criminal history; (3) the trial court improperly admitted criminal-history evidence; and (4) the prosecution violated the Fifth Amendment's Double Jeopardy Clause by introducing evidence from a previous trial.[2] The district court denied claims two, three, and four as untimely. The court denied claims one and four as unexhausted and procedurally barred.[3]

Robledo cannot appeal without first obtaining a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, Robledo must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). When, as here, the district court denies a habeas application on procedural grounds, the prisoner must show that reasonable jurists could debate whether the application states a valid constitutional claim and whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need only consider the procedural ruling. *See id.* at 485.

In the combined COA application and opening brief, Robledo makes no argument addressing the district court's dismissal of the habeas application on procedural grounds. Robledo has therefore waived any argument that we should grant a COA. *See Davis v. McCollum*, 798 F.3d 1317, 1320 (10th Cir. 2015) (concluding COA applicant's failure to

---

[2] In claims two and three, Robledo also alleged that trial and appellate counsel were ineffective for failing to challenge the Colorado stalking statute's constitutionality.

[3] The court also denied as unexhausted and procedurally barred the parts of claims two and three alleging ineffective assistance based on the failure to challenge the stalking statute's constitutionality.

challenge district court's procedural ruling in the opening brief waived the issue).  Still, having reviewed the district court's rulings in light of the record and the applicable law, we conclude that reasonable jurists would not debate the correctness of the district court's procedural ruling.

We grant Robledo's motion to proceed without prepaying costs or fees.  We deny the application for a COA and dismiss this matter.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge