FILED
United States Court of Appeals
Tenth Circuit

May 1, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GLEN HUGHIE LOVIN, JR.,

     Petitioner - Appellant,

v.

JOE M. ALLBAUGH,

     Respondent - Appellee.

No. 17-7064
(D.C. No. 6:14-CV-00384-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Glen Hughie Lovin, Jr. was convicted by an Oklahoma jury of endeavoring to manufacture methamphetamine after two or more felony convictions. In accordance with the jury's recommendation, the trial court imposed a sentence of life in prison with the possibility of parole. On direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), Mr. Lovin asserted four errors: (1) insufficient evidence to support the conviction; (2) the prosecution's use of a video to demonstrate how methamphetamine can be made in a single vessel; (3) improper disclosure to the jury of certain details of his criminal history during the sentencing phase of the trial; and (4) an excessive sentence. The OCCA considered the merits of these claims and denied them.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Next, Mr. Lovin filed a motion for post-conviction relief in the trial court asserting three errors: (1) violation of due process because the magistrate judge who conducted the preliminary hearing also conducted the trial; (2) ineffective assistance of trial counsel in failing to inform him that he could object to the magistrate judge also presiding at trial; and (3) ineffective assistance of appellate counsel for failing to raise the due process violation and ineffective assistance of trial counsel claims on appeal. The court denied the motion. On appeal, the OCCA affirmed the denial of post-conviction relief.

Mr. Lovin then filed a pro se federal habeas application under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Oklahoma asserting the seven claims noted above. The court denied the claims on the merits and also denied Mr. Lovin's request for a COA. Mr. Lovin now seeks a COA to appeal the denial of his habeas application.[1] We deny his application for a COA and dismiss this matter.

## STANDARD OF REVIEW

Mr. Lovin must obtain a COA before he can appeal the district court's denial of his § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a state prisoner appealing denial of § 2254 application to obtain a COA). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Where, as here, the district court rejected Mr. Lovin's constitutional claims on the merits, we will issue a COA only if he shows "that reasonable jurists would find

---

[1] We issued an order to show cause why the appeal should not be dismissed as untimely. Mr. Lovin's response demonstrates that the notice of appeal was timely filed under the prison mailbox rule. *See* Fed. R. App. P. 4(c)(1)(A)(ii).

2

the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We do not consider the merits of Mr. Lovin's claims de novo; instead, our review is limited to "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003). And because Mr. Lovin's claims were adjudicated on the merits in state court, we incorporate into our COA analysis the deference for state court decisions demanded by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Davis v. McCollum*, 798 F.3d 1317, 1319 (10th Cir. 2015) (where a state court has ruled on the merits of the claims, we incorporate AEDPA's deferential treatment of state court decisions into our consideration of a habeas petitioner's request for COA (alterations and internal quotation marks omitted)). Under AEDPA, a federal court may grant habeas relief only if the state court's merits decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id*. § 2254(d)(2).

In sum, we make a general assessment of the merits of Mr. Lovin's claims to determine whether reasonable jurists could debate the district court's conclusion that the state court's decision was "*unreasonable*, either as a determination of fact or as an application of clearly established federal law." *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004). Stated otherwise, "[w]e look to the District Court's application of

3

AEDPA to [Mr. Lovin's] constitutional claims and ask whether *that resolution* was debatable amongst jurists of reason." *Miller-El*, 537 U.S. at 336 (emphasis added).[2]

## ANALYSIS

### Sufficiency of the Evidence

According to Mr. Lovin, the state failed to present sufficient evidence to prove beyond a reasonable doubt that he was guilty of the crime of endeavoring to manufacture methamphetamine. In particular, Mr. Lovin argued on direct appeal that the trial court erred when it allowed the prosecution to introduce evidence of his recent purchase of items commonly used to manufacture methamphetamine and his admission to investigators that he used those items to manufacture methamphetamine shortly after he bought them. Without this evidence, Mr. Lovin argued the remaining evidence was insufficient to support the conviction.

Using the standard announced in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the OCCA determined the evidence was constitutionally sufficient to sustain the conviction. *See* R., Vol. 1 at 121 ("This Court addresses a challenge to the sufficiency of the evidence by viewing the evidence in the light most favorable to the State, accepting all inferences that support the verdict, and asking whether any rational trier of fact could

---

[2] In his Combined Opening Brief and Application for a Certificate of Appealabililty, Mr. Lovin raises an eighth claim for relief—a miscarriage of justice arising from the alleged perjured testimony of a prosecution witness. Because he did not raise this claim in his habeas application in the district court, the claim is waived. *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) (refusing to consider an issue not raised in the district court habeas proceeding "[b]ecause we will generally not consider issues raised on appeal that were not first presented to the district court.")

4

have found guilt beyond a reasonable doubt."). The district court concluded the OCCA's merits decision was not contrary to clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented at trial.

For the first time in this court, Mr. Lovin advances a new argument why the evidence is insufficient to support the conviction. Specifically, he argues there was no evidence of the fourth element of the crime[3]—the manufacture of methamphetamine— because "there was **NO** methamphetamine found at the scene, on the coffee bean grinder, the one . . . glass vase, the one . . . glass jar, and of the numerous coffee filter nor on [his person]." Aplt. Combined Opening Br. at 4a. But we will not consider this argument because Mr. Lovin failed to raise it in the district court. *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) (refusing to consider an issue not raised in the district court habeas proceeding "[b]ecause we will generally not consider issues raised on appeal that were not first presented to the district court").

### *The Video on Manufacturing Methamphetamine*

Next, Mr. Lovin maintains the trial court abused its discretion when it overruled his objection to the prosecution's use of a video to demonstrate how methamphetamine can be made in a single vessel, otherwise known as the "single pot" method of manufacture. In particular, he argued the video was prejudicial and irrelevant. The OCCA rejected this claim because it found the video demonstration helped the jury

---

[3] The elements of endeavoring to manufacture methamphetamine are: (1) knowingly; (2) endeavoring; (3) to manufacture; and (4) the controlled dangerous substance of methamphetamine. *See* R., Vol. 1 at 121.

5

understand how the items could be used to make methamphetamine, which in turned helped demonstrate the element of intent, *see* R., Vol. 1 at 123-24, citing *Harris v. State*, 13 P.3d 489, 495-96 (Okla. Crim. App. 2000). *Harris* holds that the probative value of a video depicting the state's theory of the case and making testimony easier to understand was not substantially outweighed by the danger of unfair prejudice. In other words, the OCCA determined that the video demonstration was proper under Oklahoma law.

On habeas review, we have no authority to review a state court interpretation or application of its own law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Ochoa v. Workman*, 669 F.3d 1130, 1144 (10th Cir. 2012) ("Federal habeas review is not available to correct state law evidentiary errors."). In light of this obstacle, Mr. Lovin attempts to recast his claim of state-law error as the denial of a fundamentally fair trial.

Even if there was state-law error, Mr. Lovin can obtain relief only if the error "was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (internal quotation marks omitted). The district court concluded the video demonstration did not deny Mr. Lovin a fundamentally fair trial, and the correctness of this decision is not debatable among jurists of reason.

### The Failure to Redact Improper Details of Mr. Lovin's Criminal History

On appeal to the OCCA, Mr. Lovin framed this issue as whether the trial court committed plain error when, in the sentencing phase of the trial, it failed to sua sponte

redact several judgment and sentencing documents that revealed his history of probation and parole violations. According to Mr. Lovin, the information that should have been redacted led the jury to inflate his sentence. He raised the same issue in his habeas application. *See* R., Vol. 1 at 7, 12.

In this court, however, Mr. Lovin raises a different argument about the sentencing proceeding. He now claims the prosecutor was engaged in a "malicious and vindictive prosecution." Aplt. Combined Opening Br. at 4b. More specifically, he argues the prosecutor "abused his power under color of State law . . . to inflame the conscience of the Jurors in order to further punish me for asserting my legal right to a trial by jury." *Id*. According to Mr. Lovin, the alleged abuses included: (1) overstating his criminal history; (2) overcharging him with a felony; and (3) failing to include a lesser included offense. But we will not consider this argument because Mr. Lovin failed to raise it in the district court. *See Rhine*, 182 F.3d at 1154.

*Excessive Sentence*

In the OCCA Mr. Lovin alleged that he received an excessive sentence. The OCCA disagreed. It held that because the sentence was within the statutory range, it could be modified only "if, considering all the facts and circumstances, it shocks the conscience." R., Vol. 1 at 125 (internal quotation marks omitted). The OCCA found that "[u]nder the facts and circumstances of this case, including [Mr.] Lovin's nine prior felony convictions, [the] life sentence is not excessive." *Id*. at 125-26. The district court determined that Mr. Lovin failed to identify a federal constitutional violation and found the claim lacked merit, citing *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000)

7

("We afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law."). Jurists of reason would not debate the correctness of the district court's decision.

***Denial of Due Process and Ineffective Assistance of Trial and Appellate Counsel***

In his motion for post-conviction relief, Mr. Lovin raised three claims: (1) an alleged violation of due process because the same judge who conducted the preliminary hearing also conducted the trial; (2) ineffective assistance of trial counsel in failing to inform him that he could object to the same judge presiding at both the preliminary hearing and trial; and (3) ineffective assistance of appellate counsel for failing to raise the alleged due process violation on appeal. We address these claims together because they depend on Mr. Lovin's first proposition of error—his due process rights were violated because the magistrate judge who conducted the preliminary hearing also conducted the trial.

The trial court found that Mr. Lovin's claim that the same judge conducted both the preliminary hearing and trial was "false." R., Vol. 1 at 136. Further, it found that claims one and two could have been raised on direct appeal. On appeal, the OCCA agreed with the trial court that Mr. Lovin's due process and ineffective assistance of trial counsel claims could have—but were not—raised on direct appeal, and were therefore procedurally barred: "[A]ny issues . . . which could have been raised [in his direct appeal], but were not, were waived." *Id*. at 143. As for Mr. Lovin's claim of ineffective assistance of appellate counsel, the OCCA found its underlying premise was untrue:

8

"There is more than sufficient evidence establishing that different judges presided over [Mr. Lovin's] preliminary hearing and jury trial." *Id*. at 145. As such, the OCCA concluded Mr. Lovin could not meet the test for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires both deficient performance and resulting prejudice.

The district court decided to rule on the merits of two claims that the OCCA determined were procedurally barred because it "'[could] easily find [they] fail[] on the merits,'" R., Vol. 1 at 212, quoting *Fields v. Gibson*, 277 F.3d 1203, 1217 (10th Cir. 2002). It found that "[t]he record supports the OCCA's conclusion that [Mr. Lovin's] preliminary hearing and his jury trial were not conducted by the same judge." R., Vol. 1 at 212. Therefore, because the underlying claim failed on the merits, the related claim of ineffective assistance of trial counsel also failed. With regard to ineffective assistance of appellate counsel, the court found the OCCA's decision on this claim was neither contrary to, or an unreasonable application of *Strickland*, nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. It therefore denied a COA on these claims.

Viewing the evidence through the AEDPA's deferential standard or review, we conclude no reasonable jurist would debate the district court's denial of habeas relief with respect to Mr. Lovin's due process and ineffective assistance of counsel claims.

### *Motion to Amend/Supplement*

Mr. Lovin has filed a motion to amend/supplement his application for a COA. Although we grant the motion, it does not change the outcome. First, Mr. Lovin appears

9

to argue that the items taken from his vehicle should have been suppressed as having been seized in violation of the Fourth Amendment. He failed to raise this issue on appeal or in the district court, and we will not consider it. Similarly, he acknowledges that the police officers gave him a *Miranda* warning when he was taken into custody, but argues that because he did not waive his rights, any statements he made to the authorities should have been suppressed. Again, this argument comes too late. Last, we have addressed his argument about the video demonstration and his further argument about the alleged perjured testimony of a prosecution has been waived because he did not raise it in the district court.

Mr. Lovin has not shown that reasonable jurists could debate the correctness of the district court's denial of his § 2254 habeas application. Thus, we deny his request for a COA and dismiss this matter. We grant Mr. Lovin's motion to proceed *in forma pauperis* on appeal.

Entered for the Court

Mary Beck Briscoe
Circuit Judge