## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

CHADDRICK THOMAS,

    Petitioner - Appellant,

v.

BARRY GOODRICH, Warden;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

    Respondents - Appellees.

No. 18-1107
(D.C. No. 1:16-CV-00435-PAB)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **BALDOCK**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

Chaddrick Thomas, a Colorado state prisoner proceeding pro se, wants to appeal

from the denial of his 28 U.S.C. § 2254 habeas application. We deny his request for a

certificate of appealability (COA) and dismiss this matter.

### I. BACKGROUND

In 2002, three men were shot and killed during a drug transaction in a parking lot

in Colorado Springs. A jury convicted Thomas of second-degree murder for his role in

shooting one of the victims and he was sentenced to forty years' imprisonment. In his

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

direct appeal to the Colorado Court of Appeals (CCA), Thomas raised several claims of error, including: (1) the exclusion of testimony from a witness who would allegedly have supported his theory of self-defense; (2) the exclusion of testimony about the victim's gang affiliation; and (3) the refusal to give the jury his tendered instructions on self-defense. The CCA ruled on the merits of these claims, denied them, and affirmed the conviction. The Colorado Supreme Court (CSC) denied certiorari review.

Thomas next filed a motion for post-conviction relief in the trial court, which was denied. On appeal, the CCA affirmed the denial of all but one of Thomas's post-conviction claims—ineffective assistance of counsel. The CCA remanded the ineffective assistance claim to the trial court for an evidentiary hearing.

Following appointment of post-conviction counsel and an evidentiary hearing, the trial court denied the ineffective assistance claim. The CCA addressed the merits of the claim on appeal and affirmed the trial court's second denial of the motion. The CSC denied certiorari review.

Thomas then filed his § 2254 habeas application in federal district court, asserting three claims: (1) the trial court violated his Sixth Amendment rights by excluding testimony (a) from a witness who observed the victim's gang associate near the scene of the crime with a gun that was possibly retrieved from the victim, which in turn could explain why no gun was found on or near the victim and (b) about the victim's gang affiliation; (2) he received ineffective assistance of trial counsel in violation of the Sixth Amendment based on counsel's (a) choice of a theory of self-defense that clashed with Thomas's desire to testify and (b) decision to pursue a theory of defense known to be

2

based on false testimony; and (3) the trial court violated his Due Process rights by refusing to give the jury Thomas's instructions on self-defense.

The district judge concluded Thomas failed to exhaust Claim 2(b)—the alleged ineffective assistance based on trial counsel's decision to pursue a theory of defense "known to be based on false testimony." He also concluded the "unexhausted claim would be procedurally barred in state court [and] is subject to an anticipatory procedural bar. . . . [A]s a result [it] is a procedurally defaulted habeas claim." R., Vol. 3 at 18-19. He denied the remaining claims on the merits and further denied Thomas's request for a COA.

## II. STANDARD OF REVIEW

Thomas must obtain a COA before he can appeal from the denial of his § 2254 application. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a state prisoner appealing denial of a § 2254 application to obtain a COA). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). To make that showing, a petitioner must demonstrate that reasonable jurists could debate "whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

Since the state court adjudicated the merits of Thomas's claim, we may grant habeas relief only for one of two reasons: if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an

3

unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). *See also Davis v. McCollum*, 798 F.3d 1317, 1319 (10th Cir. 2015). We presume factual findings of a state court to be correct unless the applicant rebuts that presumption by "clear and convincing evidence." § 2254(e)(1). *See also Welch v. Workman*, 639 F.3d 980, 991 (10th Cir. 2011).

The COA standard in § 2253(c)(2) applies a bit differently when the habeas claim fails on a procedural ground. In such an instance, a prisoner must satisfy a two-part standard: he must "show[], at least, that jurists of reason would find it debatable whether the application states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Each component of [this] showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id*. at 485. Courts are encouraged to decide the procedural issue first, if it is the easiest issue, because "the Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of." *Id*. (internal quotation marks omitted).

## III. ANALYSIS

### A. *The Procedurally Defaulted Ineffective Assistance Claim*

An application for a writ of habeas corpus fails unless the applicant has exhausted state remedies or no adequate state remedies are available or effective to protect the applicant's rights. *See* § 2254(b)(1). "A claim has been exhausted when it has been fairly presented to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (internal quotation marks omitted). "Fair presentation means that the petitioner has raised the substance of the federal claim in state court." *Id.* (internal quotation marks omitted).

The district judge found Thomas failed to raise Claim 2(b) in his original motion for post-conviction relief, at the evidentiary hearing on remand, or in his appeal to the CCA. Accordingly, Thomas failed to fairly present the federal claim in state court. *See* Colo. R. Crim. P. 35(c)(3)(VII) (with certain exceptions not applicable here, "the [trial] court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"). Jurists of reason would not find the procedural decision debatable.

Thomas asks his default be excused because (according to him) he has raised a substantial claim of ineffective assistance. *See Martinez v. Ryan*, 566 U.S. 1, 14 (2012) ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."). But the district court judge examined the state court record and concluded Thomas "failed to show that the

5

underlying ineffective assistance of counsel claim is substantial or has some merit." R., Vol. 3 at 155. His decision is not reasonably debatable.

## B. *Exclusion of Evidence*

### 1. <u>Removal of the Victim's Gun</u>

The CCA noted the testimony from two prosecution witnesses who said they "observed a black man with cornrows, who was later identified by name, shouting "no, no, no,' from across the street as he witnessed the shooting." *Id*. at 158 (internal quotation marks omitted). The first witness testified the man, who was unarmed, was running parallel to the crime scene. The second witness also confirmed the man was running parallel to the crime scene, but the trial court excluded her proposed testimony that the man had a gun. The CCA found "[n]either witness saw the man at the crime scene or going to or from it. Both witnesses observed a gray Volvo sedan, and the second witness testified that the man entered the gray Volvo after it had exited the parking lot in which the shootings occurred." *Id*. (internal quotation marks omitted). As such, the CCA concluded the trial court properly excluded the proposed testimony as speculation:

> Here, [Thomas] offered no evidence that the man was nearer to the crime scene than across the street. Both witnesses testified that the man never approached the victim. Hence, it would be merely speculation to argue that he somehow had obtained the victim's gun before entering the gray Volvo. Therefore, the trial court did not abuse its discretion in excluding evidence of the man's gun.

*Id*. at 158-59 (internal quotation marks omitted).

6

Thomas argues the trial court violated his right under the Sixth Amendment's Confrontation Clause by excluding the proposed testimony of the second witness who would have said the man had a gun. No doubt, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense. Nonetheless,

> [w]hile the Constitution thus prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.

*Holmes v. South Carolina*, 547 U.S. 319, 326 (2006).

Given the wide latitude afforded trial judges by *Holmes*, the district judge concluded the CCA's decision on this claim was neither contrary to nor an unreasonable application of federal law. Nor was it based on an unreasonable determination of the facts based on the evidence presented in the state-court trial. Reasonable jurists would entertain no debate about the propriety of his decision.

## 2. **Gang Affiliation**

According to Thomas, the trial court violated his Sixth Amendment rights by excluding evidence that the victim and the black man with the cornrows were both members of the same gang. Thomas "offered the evidence to explain why the occupants of the gray Volvo would retrieve the victim's gun, to explain why defendant might have feared for his life, and to explain why the recanting witness recanted." R., Vol. 3 at 160 (internal quotation marks omitted). The CCA acknowledged the offered testimony, and for various reasons concluded, "the trial court abused its discretion in excluding evidence

7

of the victim's and third parties' gang affiliations." *Id*. at 161 (internal quotation marks omitted).

However, it found no constitutional violation, explaining "a constitutional violation occurs [only] if the erroneously excluded evidence was 'material,'" and concluding "the gang affiliation evidence was not material." *Id*. (internal quotation marks omitted). The CCA correctly framed the relevant question as "whether the proffered testimony, if believed, would have created a reasonable doubt that did not exist without the evidence." *Id*. at 161 (internal quotation marks omitted). After discussing the record evidence at length, it concluded the gang affiliation evidence was not material: "[I]n light of the entire record, we cannot say with fair assurance that the trial court's error substantially influenced the verdict or deprived [Thomas] of a fair trial. Thus, the error is not reversible." *Id*. at 162 (internal quotation marks omitted). *See Richmond v. Embry*, 122 F.3d 866, 872 (10th Cir. 1997).

The district judge could not say the CCA's decision on this claim was contrary to nor an unreasonable application of federal law. Nor was it based on an unreasonable determination of the facts based on the evidence presented in the state-court trial. He was correct; no jurist would find the result reasonably debatable.

## C. *Ineffective Assistance of Trial Counsel*

Thomas's only properly exhausted claim of ineffective assistance is his contention trial counsel advanced a theory of self-defense against his wishes, impermissibly chilling his right to testify in his own defense. Thomas claims he wanted to pursue a claim of

8

innocence—when the shooting started he left with his son to assure his son's safety and did not shoot anyone—not self defense.

As the CCA acknowledged, "a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief." R., Vol. 3 at 165 (internal quotation marks omitted). But it concluded Thomas failed to "establish[] the constitutional predicate for his claim of ineffective assistance" because he had not "show[n] that his counsel actively represented conflicting interests." *Id*. at 167 (internal quotation marks omitted).

The district court judge considered the CCA's decision on this claim not to be contrary to nor an unreasonable application of federal law. His conclusion is not reasonably debatable.

### D.  Self-Defense Related Jury Instructions

For his final claim Thomas asserted a due process violation because the trial court refused to give three of his tendered jury instructions relating to self-defense. These instructions were addressed by the CCA on direct appeal, and it concluded there was no error because the first instruction related to the lesser included offense of reckless manslaughter, an offense to which self-defense does not apply under Colorado law, and the second and third instructions were unnecessary because the court's instructions accurately reflected self-defense under Colorado law.

On habeas review, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or

9

treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). As such, "[c]laims of erroneous jury instructions can justify setting aside a state conviction on habeas review only if the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense, or [they are] otherwise constitutionally objectionable." *Dockins v. Hines*, 374 F.3d 935, 938-39 (10th Cir. 2004) (internal quotation marks omitted).

The district judge recognized "[i]n the context of jury instructions, fundamental fairness requires that a criminal defendant be provided a meaningful opportunity to present a complete defense, and incorrect jury instructions may divest a defendant of this opportunity." R., Vol. 3 at 172. Appropriately, he also recognized "federal habeas relief is available only when the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* (internal quotation marks omitted). The instructions accurately advised the jury concerning Colorado law of self-defense and the decision to deny Thomas's tendered instruction did not otherwise render the trial so unfair as to cause a due process violation. As with the other claims, reasonable jurists could not debate the propriety of the district judge's conclusion.

## IV. CONCLUSION

Since reasonable jurists could not debate the correctness of the denial of § 2254 habeas relief, we deny the request for a COA and dismiss this matter.

Because we have reached the merits of the COA request, prepayment of fees is no longer an issue. Nevertheless a fee issue remains. The relevant statute, 28 U.S.C. § 1915, forgives only prepayment of fees, not the ultimate liability for those fees.

10

Thomas is obligated to pay all filing and docketing fees; payments shall be directed to the Clerk of the District Court for the District of Colorado.

Entered for the Court


Terrence L. O'Brien
Circuit Judge