FILED
United States Court of Appeals
Tenth Circuit

January 3, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HASSEN N. AHMEDIN,

    Petitioner - Appellant,

v.

JOEL HRABE, Warden, Norton
Correctional Facility; STATE OF
KANSAS,

    Respondents - Appellees.

No. 19-3107
(D.C. No. 5:18-CV-03033-HLT)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Petitioner Hassen Ahmedin, a Kansas state prisoner appearing pro se, seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

28 U.S.C. § 2254 petition for post conviction relief.  We deny Petitioner's request.

I.

A jury convicted Petitioner of rape in Kansas state court.  The state court

sentenced Petitioner to 155 months' imprisonment.  The Kansas Court of Appeals

("KCA") affirmed the conviction on direct appeal, and the Kansas Supreme Court

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denied Petitioner's petition for writ of certiorari. Petitioner then filed a motion for post conviction relief in Kansas state court. The trial court denied relief, and the KCA affirmed. The Kansas Supreme Court again denied Petitioner's petition for writ of certiorari.

Petitioner next filed an application for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The district court denied Petitioner's application. The district court also declined to issue Petitioner a COA after concluding that he had not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2). Petitioner now asks us for a COA.[1]

## II.

A COA is a jurisdictional prerequisite to our review of a habeas application. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[w]e will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)). Under that standard, "the applicant must show

---

[1] Petitioner's Notice of Appeal was due by May 20, 2019. The district court docketed the Notice of Appeal on May 23, 2019. The Petitioner filed a declaration of compliance, in which he certified and declared under penalty of perjury that he placed the Notice of Appeal in the institutional mail system on May 1, 2019. Under the "prison mailbox rule," a pro se "prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." Prince v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005). Accordingly, we deem Petitioner's Notice of Appeal timely filed.

'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" United States v. Taylor, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Our "inquiry does not require full consideration of the factual or legal bases adduced in support of the claims" but rather "an overview of the claims" and "a general assessment of their merits." Miller-El, 537 U.S. at 336.

Under AEDPA, we may grant habeas relief to an individual in state custody on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Davis v. McCollum, 798 F.3d 1317, 1319 (10th Cir. 2015) (quoting 28 U.S.C. § 2254(d)(1)–(2)).

III.

In asking us for a COA, Petitioner focuses on three claims. First, Petitioner contends his trial counsel was ineffective in failing to adequately conduct voir dire. Second, Petitioner asserts his appellate counsel was ineffective for failing to raise sufficiency of the evidence and judicial misconduct. Finally, in a claim entitled "Sufficiency of Evidence," Petitioner posits that the district court erred in denying his remaining claims as procedurally defaulted and that he has displayed a credible showing of actual innocence. We address each contention in turn.

3

To demonstrate ineffective assistance of counsel, Petitioner must demonstrate that (1) his counsel's performance "fell below an objective standard of reasonableness" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687–88 (1984). "Although there are basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client, the lawyer has—and must have—full authority to manage the conduct of the trial." Taylor v. Illinois, 484 U.S. 400, 417–18 (1988).

Petitioner alleges that his trial counsel should have adduced the bias of two jurors during voir dire. The first, S.P., was the victim of a sex crime, and the second, M.D., was engaged to an assistant county attorney. Petitioner did not raise a claim of ineffective assistance of counsel based on S.P.'s presence on the jury in state court. Accordingly, as to S.P., Petitioner's claim is unexhausted and procedurally defaulted. Indeed, when a state prisoner has defaulted his federal claims in state court, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). And to show a miscarriage of justice, Petitioner must make a "credible showing of actual innocence." Frost v. Pryor, 749 F.3d 1212, 1232 (10th Cir. 2014). Petitioner has not

4

made or attempted to make any of these showings and we decline to consider his claim of ineffective assistance of counsel relating to S.P.'s presence on the jury.[2]

Petitioner, however, did exhaust his ineffective assistance of counsel based on M.D.'s presence on the jury. Petitioner believes that M.D.'s engagement to a county attorney influenced her decision regarding his guilt. Petitioner has not shown that M.D. was in fact biased. As the district court noted in its decision, trial counsel objected during the trial once he learned of the relationship. The court then questioned M.D. She told the court that her relationship with the assistant county attorney would not influence her decision and that her decision in the case would not impact her relationship with her fiancé. After this colloquy, the court allowed M.D. to remain on the jury, satisfied that M.D. was not biased. The Kansas Court of Appeals determined that Petitioner could not show prejudice from trial counsel's failure to adduce the relationship during voir dire. Petitioner has not demonstrated any actual bias. Instead, he provides conclusory contentions that M.D.'s relationship with an assistant county attorney made her susceptible to bias. We agree with the district court that the Kansas Court of Appeals' decision comported with Strickland and that Petitioner has not shown that the court based its decision on an unreasonable

---

[2] On appeal, Petitioner makes the conclusory statement that he "has displayed a credible showing of actual innocence in that the victim recanted her statements, and witnesses corroborated the fact." He also contends he has made the showing because the first trial resulted in a hung jury. As discussed below, Petitioner's counsel was able to obtain the testimony at trial that he sought—that the victim told a witness that she was not raped. We conclude Petitioner's conclusory statement regarding actual innocence lacks merit.

determination of the facts. Accordingly, we do not grant a COA to Petitioner on this issue.

Petitioner next challenges the effectiveness of his appellate counsel. He posits that his appellate counsel should have argued that the evidence was insufficient to support his conviction and that the trial judge engaged in judicial misconduct. Petitioner contends that the fact that the jury hung in his initial trial demonstrates that the evidence to convict him in his second trial was insufficient.

The question before us is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In Kansas, the applicable rape statute in place at the time of Petitioner's conviction defined rape as "[s]exual intercourse with a person who does not consent to the sexual intercourse," such as "[w]hen the victim is overcome by force or fear." Kan. Stat. Ann. § 21–3502. The Kansas Court of Appeals concluded that the state presented evidence to support each element of the crime based on the victim's testimony, which was corroborated by other evidence. It stated that a sufficiency-of-the-evidence claim would not have been successful. Accordingly, Petitioner could not show prejudice from his appellate counsel's failure to present that issue on appeal. For substantially the same reasons that the district court outlined, we agree that the Kansas Court of Appeal's resolution of the ineffective assistance claim is consistent with Strickland and that Petitioner has not shown the decision was based on an unreasonable determination of the facts. Petitioner has thus

6

failed to satisfy 28 U.S.C. § 2254(d)(1) and (d)(2), and we decline to issue a COA on this issue.

Petitioner also alleges his appellate counsel was ineffective for failing to raise a judicial misconduct claim. Petitioner argues that the trial judge improperly applied Kansas' rape-shield statute when ruling on an objection. As the Kansas Court of Appeals noted, the trial court did not apply the rape-shield statute. Rather, it admonished Petitioner's attorney to "play it close." Petitioner contends this admonishment prevented his attorney from presenting his full defense. But as the state court explained, Petitioner's counsel was able to obtain the testimony he sought: that the victim told the witness she was not raped. The Kansas Court of Appeals concluded Petitioner did not show that the trial court's conduct substantially prejudiced his right to a fair trial. We agree with the district court that the Kansas Court of Appeal's resolution of the ineffective assistance claim is consistent with Strickland and that Petitioner has not shown the decision was based on an unreasonable determination of the facts. We accordingly deny Petitioner a COA on this claim.

Finally, Petitioner claims that the district court erred in denying his remaining claims relating to sufficiency of the evidence, judicial error, erroneous charge, and cumulative error as procedurally defaulted. The district court did not commit reversible error. Petitioner did not raise his sufficiency of the evidence claim or his judicial misconduct claim as stand-alone issues in his direct appeal or in his state court habeas petition. Accordingly, Petitioner did not properly exhaust his claims

7

and procedurally defaulted them. Coleman, 501 U.S. at 735 n.1. Moreover, Petitioner has failed to demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or that the failure to consider the claims will result in a miscarriage of justice.

As to his "erroneous charge" claim, Petitioner asserts that the jury convicted him of "aggravated rape" and that the crime is not defined in Kansas statutes, we agree with the district court that this is a claim of error regarding the charging document. This claim fails because it is not an alleged violation of any constitutional right or federal law, which is required to bring a claim under 28 U.S.C. § 2254. Davis, 798 F.3d at 1319. Finally, regarding cumulative error, we agree with the district court that the claim lacks merit because Petitioner has failed to establish the existence of any errors cognizable on federal habeas review. Grant v. Royal, 886 F.3d 874, 954 (10th Cir. 2018) ("We cumulate error only upon a showing of at least two actual errors.").

## IV.

For the foregoing reasons, we deny Petitioner's application for a COA and

8

dismiss this matter.  We also deny as moot Petitioner's request to proceed *in forma pauperis*.[3]

Entered for the Court

Joel M. Carson III
Circuit Judge

---

[3] The district court granted Petitioner's request to proceed *in forma pauperis*. A party who was permitted to proceed *in forma pauperis* in the district court action may proceed on appeal *in forma pauperis* without further authorization unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding.  Fed. R. App. P. 24(a)(3)(A).  The district court has not made such a certification or finding.