**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 28, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHRISTOPHER LEE HAAK,

    Petitioner - Appellant,

v.

RICK WHITTEN, Warden of the James
Crabtree Correctional Center,

    Respondent - Appellee.

No. 19-5029
(D.C. No. 4:15-CV-00689-JED-PJC)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Petitioner, Christopher Lee Haak, an Oklahoma state prisoner appearing pro

se, seeks a certificate of appealability ("COA") to challenge the district court's denial

of his 28 U.S.C. § 2254 petition for postconviction relief. We deny Petitioner's

request.

I.

A jury convicted Petitioner of first-degree burglary and knowingly concealing

stolen property. The trial court imposed consecutive thirty-five-year and five-year

prison terms. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Haak's

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction and sentence. Petitioner then sought postconviction relief in Oklahoma state district court, which the district court denied. The OCCA thereafter affirmed the district court's denial of Petitioner's application for postconviction relief.

Petitioner then filed an application for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The district court denied Petitioner's application and also declined to issue Petitioner a COA because he had not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2). Petitioner now asks us for a COA.

II.

A COA is a jurisdictional prerequisite to our review of a habeas application. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "[w]e will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)). Under that standard, "the applicant must show 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" United States v. Taylor, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Our "inquiry does not require full consideration of the factual or legal bases adduced in support of the claims" but rather "an overview of the claims" and "a general assessment of their merits." Miller-El, 537 U.S. at 336.

2

Under AEDPA, we may grant habeas relief to an individual in state custody on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Davis v. McCollum, 798 F.3d 1317, 1319 (10th Cir. 2015) (quoting 28 U.S.C. § 2254(d)(1)–(2)).

III.

In asking us for a COA, Petitioner asserts six claims: (1) that his convictions for burglary and concealing stolen property violate double jeopardy; (2) that judicial bias deprived him of due process and a fair trial; (3) that the state trial judge abandoned impartiality when he defined "reasonable doubt" during voir dire; (4) that plain error occurred when the prosecutor used voir dire to establish that Petitioner was guilty and when the prosecutor failed to correct a key witness's false testimony; (5) that the cumulative effect of these errors deprived him of a fair trial; and (6) that Petitioner's trial and appellate counsel were ineffective at trial and on direct appeal. We address each contention in turn.

A.

Petitioner first claims that his convictions for first-degree burglary and knowingly concealing stolen property violate "the 5th Amendment right to be free from double jeopardy." The Double Jeopardy Clause protects against multiple criminal punishments for the same offense imposed in a single proceeding. Jones v.

Thomas, 491 U.S. 376, 380–81 (1989). We must therefore determine whether first-degree burglary and knowingly concealing stolen property are the same offense. Under the Blockburger test, we inquire "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment." United States v. Dixon, 509 U.S. 688, 696 (1993).

To prove first-degree burglary, the State must show that the defendant (1) broke into and (2) entered (3) the dwelling (4) of another (5) in which a human being was present (6) with the intent to steal or commit a crime therein. Okla. Stat. tit. 21, § 1431, Oklahoma Uniform Jury Instruction-Criminal (OUJI-CR) (2d) No. 5-12. To prove a defendant committed the crime of knowingly concealing stolen property, the State must establish that the defendant (1) concealed or withheld (2) stolen personal property (3) from the owner, (4) knowing or believing the property had been stolen, (5) with the intent to permanently deprive the owner of that property. Okla. Stat. tit. 21, § 1713; OUJI-CR (2d) No. 5-113. These crimes share no identical elements and are therefore not the same offense. Accordingly, we agree with the OCCA that Petitioner's convictions do not violate "constitutional prohibitions against double jeopardy," and do not grant a COA to Petitioner on this issue.

B.

Petitioner next claims that judicial bias deprived him of his constitutional rights to due process and a fair trial. He alleges the "trial court actively participated in assisting the prosecution (1) by bringing to light potential weakness in the state's case" and "(2) by participating in examination of witnesses to obtain favorable

4

information for admission of a critical state's exhibit." "Due process guarantees 'an absence of actual bias' on the part of a judge." Williams v. Pennsylvania, 136 S. Ct. 1899, 1905 (2016) (quoting In re Murchison, 349 U.S. 133, 136 (1955)). In assessing judicial bias, we look at "whether, as an objective matter, the average judge in his position is likely to be neutral, or whether there is an unconstitutional potential for bias." Id. (quoting Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 881(2009)) (internal quotation marks omitted).

Petitioner claims the trial judge "acted as a second chair prosecutor" by telling the prosecutor that the government's evidence on the "breaking" element of burglary was "weak" and to ask the homeowner more questions. After the prosecutor finished his direct examination of the homeowner, the trial judge asked the prosecutor and defense counsel to approach for a bench conference outside the hearing of the jury. The trial judge stated that he did not "want to have to reopen the evidence and the breaking is exceedingly weak of breaking in. Now you've identified a latch that was on the floor" but "haven't identified the condition of the door before this incident." The prosecutor then elicited testimony about the condition of the door before the break in. The OCCA rejected this claim on direct appeal and determined that Petitioner failed to show "that his trial was unfairly conducted or that the trial judge showed actual bias or acted with impermissible partiality." We find nothing objectively unreasonable about the OCCA's decision. The trial court made these comments outside the hearing of the jury. Moreover, the trial court's intervention was unnecessary. The homeowner had already testified that the latch had been on the

5

front door before the home invasion, making it reasonable for the jury to infer that the men, including Petitioner, broke into the home through the front door. Thus, Petitioner cannot show that the trial court's intervention tipped the scales in favor of the prosecution. Accordingly, Petitioner does not demonstrate actual or apparent judicial bias.

Petitioner additionally claims that the trial judge aided the prosecution by asking "foundation questioning" to get "admission of a critical state's exhibit." In addressing Petitioner's claims, the OCCA reasoned that "[a]lthough the trial court asked questions of a State's witness . . . the judge remained neutral and did not communicate any personal opinion regarding either guilt or innocence or witness credibility to the jury at any point during the trial." The record reflects that the trial judge asked only neutral foundational questions, demonstrating good trial management rather than any bias. We find nothing unreasonable about the OCCA's determinations. We therefore deny a COA to Petitioner on this claim.

C.

In his third claim, Petitioner alleges the trial judge abandoned impartiality when he defined "reasonable doubt" during voir dire. Petitioner specifically complains that the trial judge defined "reasonable doubt" when he stated "I can tell you and they will tell you, that doesn't mean any doubt. The doubt has to be reasonable, but beyond that we can't define it." On direct appeal, the OCCA rejected Petitioner's claim, finding "the trial court did not define 'reasonable doubt' but properly sought to dispel commonly held attitudes and ascertain whether the

6

prospective jurors would follow the trial court's instructions on the law by contrasting 'reasonable doubt' with the concept of 'any doubt.'" Having reviewed the record, we find nothing objectively unreasonable about the OCCA's decision, as the trial judge did not define "reasonable doubt." Accordingly, we deny a COA on this issue.

D.

Petitioner next alleges two prosecutorial misconduct claims. First, Petitioner claims that the prosecutor improperly vouched for the integrity of law enforcement during voir dire by suggesting that the State only arrests and prosecutes people who are guilty. Second, Petitioner alleges that the prosecutor failed to correct a key witness's false testimony. The OCCA rejected both claims.

To obtain habeas relief on a prosecutorial misconduct claim, a petitioner must show that the prosecutor's alleged misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). The OCCA identified and applied the proper legal principle (i.e., the federal due process standard) and determined that although the prosecutor made borderline statements, such statements were not improper. After reviewing the record, we agree that the prosecutor's comments do not constitute "an overt suggestion that the State only files charges against guilty people or a personal opinion concerning" Petitioner's guilt. Accordingly, Petitioner fails to show that the OCCA's determination was either contrary to or an unreasonable application of federal law.

7

Petitioner also claims that the prosecutor let his key witness, Caleb Wayne Bush, "testify falsely about his criminal past so as to fluff up his credibility." Specifically, Petitioner contends that the OCCA's ruling violates Napue v. Illinois, 360 U.S. 264 (1959). In Napue, the Supreme Court "held that the Due Process Clause would be violated if the prosecutor knowingly failed to correct perjured testimony in its case, even when the evidence went only to the credibility of the witness." United States v. Garcia, 793 F.3d 1194, 1207 (10th Cir. 2015) (citing Napue, 360 U.S. at 269). We explained that a "Napue violation occurs when (1) a government witness committed perjury, (2) the prosecution knew the testimony to be false, and (3) the testimony was material." Id.

In support of his claim, Petitioner alleges that Bush lied when he testified that "he had no prior convictions for felonies or for 'misdemeanors involving moral turpitude.'" Petitioner also claims that the "prosecution clearly knew" because "all prosecutors run the backgrounds of all their witnesses." The OCCA recognized that Petitioner asserted Napue claims, but found "nothing in the record on appeal" to support his allegations, and further, that "Bush's reliability was not determinative of [Petitioner's] guilt or innocence."[1] After reviewing the record, we agree that

---

[1] In support of his claim that Bush had two prior misdemeanor convictions, Petitioner references online Oklahoma state court dockets. The OCCA declined, however, to consider these references because Petitioner failed to make the dockets part of the appellate record. Our review "is limited to the record that was before the" OCCA. Cullen v. Pinholster, 563 U.S. 170, 181 (2011). And even if we considered such references, they would only go to the first element of a Napue claim: that the government witness committed perjury.

8

Petitioner's conclusory allegations fail to establish a <u>Napue</u> violation. The OCCA's ruling was neither contrary to federal law, nor an unreasonable application of <u>Napue</u>, and its ruling was not based on an unreasonable determination of the facts. Accordingly, we do not grant a COA on these prosecutorial misconduct claims.

E.

Petitioner contends that the cumulative effect of the trial errors alleged above deprived him of a fair trial. Because it found no actual errors, the OCCA rejected this claim. In the federal habeas context, a "cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." <u>Brown v. Sirmons</u>, 515 F.3d 1072, 1097 (10th Cir. 2008) (quoting <u>United States v. Toles</u>, 297 F.3d 959, 972 (10th Cir. 2002)). Like the OCCA, we find no actual errors to consider in the aggregate and thus deny a COA on this issue.

D.

In his last two claims, Petitioner alleges ineffective assistance of both trial and appellate counsel. Petitioner specifically claims that trial counsel was ineffective for failing to object at trial to the above-described errors and for refusing to let Petitioner testify at trial. The OCCA rejected these claims in his postconviction appeal. Petitioner alleges that the OCCA's decision was clearly contrary to federal law because the Sixth Amendment provides criminal defendants with the right to the effective assistance of trial and appellate counsel. U.S. Const. amend. VI; <u>Strickland v. Washington</u>, 466 U.S. 668, 686, 687 (1984). To establish a Sixth Amendment

9

violation, a petitioner must show deficient performance and resulting prejudice. Strickland, 466 U.S. at 687. We must determine whether "counsel's errors were so serious as to deprive the defendant of a fair trial." Id.

Petitioner claims that trial counsel performed deficiently by failing to object to trial errors and that this deficient performance caused the OCCA to review the alleged errors under the plain error standard. Although the OCCA reviewed for plain error, it found no actual errors on direct appeal. Petitioner does not contest the reasonableness of the OCCA's decision on this point. Thus, we agree that Petitioner cannot show that trial counsel performed deficiently by failing to object to non-existent errors, let alone show any resulting prejudice. Petitioner cannot establish with "reasonable probability" that, but for trial counsel's failure to properly preserve these alleged errors, the result would have been different. Strickland, 466 U.S. at 688, 694.

Petitioner additionally argues that trial counsel was ineffective for refusing to let him testify at trial. The state district court held an evidentiary hearing and found "credible, clear and convincing" trial counsel's testimony that she advised Petitioner not to testify, but that she left the decision up to Petitioner. Thus, the OCCA had an objectively reasonable basis for rejecting Petitioner's claim. Petitioner's conclusory allegation that trial counsel would not let him testify does not overcome the presumption of correctness that applies to a state court's factual findings. 28 U.S.C. § 2254(e)(1) (stating that the "applicant shall have the burden of rebutting the

10

presumption of correctness by clear and convincing evidence"). Accordingly, we do not grant a COA to Petitioner on his ineffective assistance of trial counsel claims.

Petitioner likewise contends that appellate counsel was ineffective for: (1) failing to pursue an ineffective assistance of trial counsel claim on appeal; (2) failing to make the Oklahoma docket sheets part of the appellate record; and (3) failing to argue that trial counsel was ineffective for refusing to permit Petitioner to testify. The OCCA determined that Petitioner "failed to establish that appellate counsel's performance was deficient or objectively unreasonable" and "failed to establish any resulting prejudice."

"A claim of appellate ineffectiveness can be based on counsel's failure to raise a particular issue on appeal, although it is difficult to show deficient performance under those circumstances because counsel 'need not (and should not) raise every nonfrivolous claim.'" Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003) (quoting Smith v. Robbins, 528 U.S. 259, 288 (2000)). We "look to the merits of the omitted issue," and, "if the issue is meritless, its omission will not constitute deficient performance." Id. Petitioner does not argue that appellate counsel failed to raise nonfrivolous issues. Instead, he claims that counsel performed deficiently by failing to adequately present three issues on appeal. The OCCA found no actual errors with respect to these issues. Thus, the OCCA reasonably determined that Petitioner failed to show "a reasonable probability that appellate counsel would have prevailed on direct appeal had he argued trial counsel was deficient." We therefore deny a COA as to Petitioner's appellate ineffectiveness claim.

11

IV.

For the foregoing reasons, we deny Petitioner's application for a COA and dismiss this matter.


Entered for the Court


Joel M. Carson III
Circuit Judge