FILED
United States Court of Appeals
Tenth Circuit

June 16, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EARL R. MAYFIELD,

    Petitioner - Appellant,

v.

GREG MORRIS; TOM RUIZ; STATE OF
NEW MEXICO,

    Respondents - Appellees.

No. 20-2061
(D.C. No. 1:17-CV-00891-MV-SMV)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Earl R. Mayfield is a New Mexico prisoner represented by counsel. He seeks a

certificate of appealability (COA) to appeal the judgment denying his 28 U.S.C. § 2254

habeas petition. We deny his request for a COA and dismiss this matter.

I. Background

A. State-Court Proceedings

These habeas proceedings involve Mayfield's prosecution in New Mexico

stemming from allegations that he sold crack cocaine to an undercover officer working

with a confidential informant.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Early in the case, Mayfield gave notice that he intended to present evidence supporting an entrapment defense. And he identified the confidential informant as a defense witness. Nearly a year later, Mayfield's trial counsel moved to withdraw. Counsel had interviewed the informant, who admitted to providing Mayfield with the drugs he was accused of selling. According to counsel, Mayfield demanded that counsel serve as a defense witness because he alone could testify about his interview with the informant. Counsel also claimed that his relationship with Mayfield had "broken down beyond the point of repair." Aplt. App. vol. 3 at 85. The trial court denied the motion to withdraw. More than two and a half years later, still before trial, counsel notified the court and the prosecution that, "after further investigation," Mayfield no longer intended to introduce evidence of entrapment and no longer intended to call the informant as a witness. *Id.* at 141.

The case went to trial. The testimony of Albuquerque police officers "tend[ed] to establish that Mr. Mayfield transferred crack cocaine to an undercover officer." *Id.* vol. 2 at 198. Mayfield argued "that he had been entrapped by a different undercover officer who acted in concert with a confidential informant first to provide him with the crack cocaine and then to set up and direct the transaction." *Id.*[1] The jury convicted Mayfield of trafficking a controlled substance and two related charges, and he received a nineteen-year prison sentence.

---

[1] The record does not include transcripts from the trial-court proceedings. We gather this general information about the trial from counsel's docketing statement to the New Mexico Court of Appeals.

Mayfield tried and failed to obtain relief through a direct appeal and a state habeas petition.

## B. Federal Proceedings

Mayfield filed a § 2254 habeas petition in federal district court. He eventually obtained counsel, who filed what the court treated as his "Fourth Amended Petition, entirely supplanting the earlier, pro se petitions and amendments." *Id.* vol. 6 at 204 n.1.[2] The petition raised three claims. First, Mayfield argued that his conviction and sentence violated due process because law-enforcement officers and agents "wholly created" the crime he committed, "supplying the drugs, acting as seller and buyer." *Id.* vol. 2 at 19. Second, he alleged violations of his rights to conflict-free counsel, to effective assistance of counsel, and to represent himself. Third, he argued that the state violated his right to due process by destroying exculpatory evidence.

The magistrate judge entered proposed findings and recommended that the district court deny Mayfield's petition. The district court adopted the recommendation and denied Mayfield's petition.[3]

---

[2] Going forward, we will refer to Mayfield's Fourth Amended Petition simply as his "petition."

[3] Mayfield did not timely object to the magistrate judge's recommendation. Under our firm-waiver rule, such inaction typically "waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). Mayfield argues that the rule does not apply here. We need not decide (1) whether the firm-waiver rule applies in this case or (2) whether that rule provides a standalone basis to deny a COA application. As we will explain, Mayfield has not satisfied the statutory COA standard. For that reason, we may not grant his COA application even if, as we will assume, the firm-waiver rule does not apply.

## II. Discussion

Mayfield needs a COA to appeal the district court's judgment. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA only if he "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard requires him to "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (brackets and internal quotation marks omitted).

This standard becomes more difficult to satisfy if a state court previously adjudicated the merits of a § 2254 claim. In that case, we incorporate into our COA analysis the deferential treatment of state-court decisions required under the Antiterrorism and Effective Death Penalty Act of 1996. *Davis v. McCollum*, 798 F.3d 1317, 1319 (10th Cir. 2015). Mayfield disputes the district court's conclusion that New Mexico courts adjudicated his claims on the merits. We need not resolve this dispute, however, because Mayfield has not shown that he is entitled to a COA even if, as we will assume, no state court adjudicated his claims on the merits.

### A. Claim Based on Law Enforcement's Conduct

Mayfield's petition argued that his conviction and sentence violated his Fourteenth Amendment due-process rights because law enforcement created the crime he committed: "A confidential informant, working in concert with law enforcement officers, at their direction and under their control, supplied Mr. Mayfield with a quantity of crack cocaine, for the sole purpose of selling it to a law enforcement officer working undercover." Aplt.

4

App. vol. 2 at 21–22. This scheme violated due process, he argued, "under the outrageous government conduct doctrine, or objective entrapment." *Id.* at 22.

The outrageous-government-conduct doctrine is predicated on due process. *United States v. Mosley*, 965 F.2d 906, 908–09 (10th Cir. 1992). Outrageous government conduct involves "either (1) excessive government involvement in the creation of the crime, or (2) significant governmental coercion to induce the crime." *United States v. Dyke*, 718 F.3d 1282, 1288 (10th Cir. 2013). Although our circuit has "recognized the doctrine's potential viability," we "have yet to find a single case where the defense applies." *Id.* at 1287.

Mayfield's petition focused on his allegation that law enforcement agents acted "as seller and buyer." Aplt. App. vol. 2 at 19. Yet we have "held the government can act as both supplier and buyer in sales of illegal goods." *United States v. Harris*, 997 F.2d 812, 817 (10th Cir. 1993). And, as the district court recognized, nothing in Mayfield's petition suggests that the government coerced him to commit a crime. In his COA application, he highlights that he was addicted to crack. But we have held that the government did not violate due process in a case where the defendant "would most accurately be categorized as an addict whose sole motivation for arranging the transactions for [a detective] was to obtain some cocaine for himself." *Id.* at 815, 818. At bottom, Mayfield has not made a substantial showing that outrageous government conduct violated his due-process rights.

Objective entrapment is a defense under New Mexico state law. *See State v. Vallejos*, 945 P.2d 957, 958 & n.2 (N.M. 1997) (holding "that entrapment, whether

5

subjective or objective, involves matters of due process" in a decision "based entirely on state constitutional grounds"). Mayfield's petition nearly conceded as much, arguing that the trial court should have dismissed his case "under prevailing New Mexico law." Aplt. App. vol. 2 at 26. Objective entrapment, then, cannot help Mayfield at this point, because "federal habeas corpus relief does not lie for errors of state law," *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks omitted).

Reasonable jurists could not debate whether the district court correctly denied Mayfield's claim alleging improper government conduct.

### B. Claims Related to Mayfield's Representation

Mayfield's petition alleged violations of his rights under the Sixth and Fourteenth Amendments to conflict-free counsel, to effective assistance of counsel, and to represent himself.

### 1. Right to Conflict-Free Counsel

"The Sixth Amendment's guarantee of the right to counsel includes the right to representation that is free from conflicts of interest." *United States v. Williamson*, 859 F.3d 843, 851 (10th Cir. 2017) (internal quotation marks omitted).

Mayfield's petition alleged a conflict flowing from his desire to call trial counsel as a witness. The petition claimed that counsel attended "a critical pre-trial interview with a law enforcement officer involved in the sham drug transaction that gave rise to this prosecution." Aplt. App. vol. 2 at 27–28. He further claimed that the government "destroyed the only existing audio recording" of the interview, *id.* at 27, and that the officer died before trial. Mayfield's petition concluded that trial counsel "could have

6

testified as to the information revealed in that interview," *id.* at 28, so the trial court should have allowed counsel to withdraw.

This argument does not warrant a COA. Mayfield's petition did not explain why trial counsel was the only witness who could have testified about the interview with the officer. Besides, trial counsel's motion to withdraw did not mention an interview with an undercover officer; it cited a different interview entirely—trial counsel's interview with the confidential informant.

### 2. Right to Effective Assistance of Counsel

A "complete breakdown in communication between and attorney and client" can cause a Sixth Amendment violation. *United States v. Holloway*, 939 F.3d 1088, 1097 (10th Cir. 2019) (internal quotation marks omitted). Although Mayfield's petition alleged that his relationship with trial counsel "broke down irretrievably" before trial, Aplt. App. vol. 2 at 27, it failed to set out specific factual support for the claim. The petition instead offered unsupported conclusions that Mayfield and his trial counsel were "unable to work effectively as a team," *id.* at 30, and that if the trial court had conducted a hearing, "it would have been presented with evidence demonstrating that the attorney-client relationship between [trial counsel] and Mr. Mayfield had irretrievably broken down," *id.* at 28. What is more, Mayfield's petition failed to identify the factors bearing on whether an attorney-client relationship has completely broken down and failed to allege facts that could show such a breakdown under those factors. *See Holloway*, 939 F.3d at 1098 (identifying four factors informing "whether a complete breakdown in communication rendered a defendant's representation constitutionally ineffective").

7

His COA application suffers from these same shortcomings, preventing him from making a substantial showing that he received ineffective assistance of counsel.

### 3. Mayfield's Right to Represent Himself

"A defendant has the Sixth Amendment right to waive his right to counsel and represent himself in a criminal case." *Williamson*, 859 F.3d at 861. To invoke this right, a "defendant must clearly and unequivocally assert his intention to represent himself," must timely assert this intention, and must knowingly and intelligently give up the benefits of having counsel. *United States v. Mackovich*, 209 F.3d 1227, 1236 (10th Cir. 2000) (internal quotation marks omitted). Although a comprehensive hearing is "probably the best way" to ensure a valid waiver of the right to counsel, such a hearing is not always necessary. *United States v. Vann*, 776 F.3d 746, 763 (10th Cir. 2015).

Mayfield's petition alleged that the trial court "persisted in denying" his attempts to represent himself and did so without conducting "a hearing at which evidence of [his] ability to represent himself could have been tested." Aplt. App. vol. 2 at 28. Yet he failed to explain the circumstances surrounding his requests and failed to allege that his requests were clear and unequivocal. He similarly failed to explain the circumstances surrounding the trial court's rulings, other than to say that the court did not hold a hearing. But asserting that the court did not hold a hearing stops well short of showing a constitutional violation. Mayfield did not attempt to explain, for instance, why the court lacked sufficient information to rule on his requests without a hearing. Nor did he identify specific information that he would have presented at a hearing. Given this lack

8

of supporting allegations, no reasonable jurist could debate the district court's decision to deny Mayfield's claim that the trial court violated his right to represent himself.

## C.  Destruction of Evidence

A due-process violation occurs when the government destroys evidence holding "exculpatory value that was apparent before the evidence was destroyed" and that was "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *California v. Trombetta*, 467 U.S. 479, 489 (1984).

Mayfield alleged that the state violated his Fourteenth Amendment due-process rights by destroying the only audio recording of an interview with the undercover officer who died before trial.  Although the petition labelled the recording "exculpatory," Aplt. App. vol. 2 at 21, it did not identify who destroyed the recording, did not say how or when it was destroyed, and did not explain why Mayfield could not have obtained comparable evidence by other reasonable means.  The denial of this claim is not debatable.

### III. Conclusion

We deny Mayfield's application for a COA and dismiss this matter.[4]

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[4] After the district court entered judgment, it denied Mayfield's motions for more time to object to the magistrate judge's recommendation and for relief under Federal Rules of Civil Procedure 59(e) and 60(b). Mayfield also seeks to appeal the postjudgment orders. To obtain a COA for these procedural rulings, however, he still must show "'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). He has not made this showing. Mayfield also asserts that the district court should have held an evidentiary hearing on his claims. But a hearing was not necessary because, as we have explained, Mayfield's petition did not allege facts that, if true, would entitle him to habeas relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).