**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**October 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DAVID A. YARBROUGH,

    Petitioner - Appellant,

v.

DON LANGFORD, Warden, Ellsworth
Correctional Facility,

    Respondent - Appellee.

No. 22-3116
(D.C. No. 5:21-CV-03196-JWL)
(D. Kan.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MATHESON**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

David A. Yarbrough, a Kansas state prisoner proceeding pro se, seeks a certificate

of appealability ("COA") to challenge the district court's denial of his 28 U.S.C. § 2254

application for a writ of habeas corpus. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA

to appeal "the final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by a State court"). Exercising jurisdiction

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. §§ 1291 and 2253(a), we deny his request for a COA and dismiss this matter.[1]

## I. BACKGROUND

A jury convicted Mr. Yarbrough of rape (three counts), aggravated indecent liberties with a child (four counts), and aggravated criminal sodomy (eight counts). He is serving a sentence of life in prison on each count, with two counts running consecutively and the remaining counts running concurrently. His convictions and sentence were affirmed on direct appeal. *See State v. Yarbrough*, 303 P.3d 727, 2013 WL 3791793 (Kan. Ct. App. 2013) (unpublished), *rev. denied* (Kan. Feb. 18, 2014), *cert. denied*, 574 U.S. 836 (2014). His motions for state habeas relief were denied. *See Yarbrough v. State*, 472 P.3d 132, 2020 WL 5740891 (Kan. Ct. App. 2020) (unpublished), *rev. denied* (Kan. Aug. 10, 2021).

Mr. Yarbrough applied for habeas relief under 28 U.S.C. § 2254 in federal district court, asserting six grounds. The district court dismissed four of them as procedurally barred, denied relief on the remaining two grounds, declined to issue a COA, and entered judgment denying the § 2254 petition. He has applied to this court for a COA.

---

[1] Because Mr. Yarbrough appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## II.  DISCUSSION

### A.  *COA and AEDPA*

Mr. Yarbrough must obtain a COA for this court to review the district court's

denial of his § 2254 application.  *See* 28 U.S.C. § 2253(c)(1)(A).  To do so, he must make

"a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  For

claims denied on the merits, Mr. Yarbrough "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or

wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Our consideration of Mr. Yarbrough's request for a COA must account for the

Antiterrorism and Effective Death Penalty Act ("AEDPA"), which requires "deferential

treatment of state court decisions."  *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir.

2004); *accord Davis v. McCollum*, 798 F.3d 1317, 1319 (10th Cir. 2015).  Under

AEDPA, when a state court has adjudicated the merits of a claim, a federal district court

cannot grant habeas relief on that claim unless the state court's decision "was contrary to,

or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was

based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding," *id.* § 2254(d)(2).  When the district court has denied § 2254

habeas relief on the merits, we must determine as part of our COA analysis whether

reasonable jurists could debate the court's decision in light of AEDPA deference to the

state court.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

B.  *Additional Procedural History*

As noted, the district court addressed two grounds on the merits.  The first ground

included four issues.[2]  Mr. Yarbrough does not ask this court for a COA on any of those

issues.  The second ground alleged:  "Petitioner's incompetency claim was denied by

state courts which violated his United States Constitutional and Due Process Rights."

ROA, Vol. 1 at 50.  We focus here on that ground.

In the state habeas proceedings, the Kansas courts rejected Mr. Yarborough's

claims that the trial court should have conducted a competency hearing and that he was

incompetent to stand trial.  *See Yarbrough*, 2020 WL 5740891, at *3-8.  The Kansas

Court of Appeals ("KCA") found no error in the trial court's failure to hold a competency

hearing, noting that Mr. Yarbrough had not raised the competency issue during trial and

that the trial court had no reason to question his competency.  *See id.* at *4-5.  It also

found no error in the state district court's finding on habeas review that Mr. Yarbrough

had not shown he was incompetent.  *See id.* at *5-7; *see also Medina v. California*, 505

---

[2] In his § 2254 application, Mr. Yarborough stated these issues as follows:

> Prosecutor committed misconduct during voir dire and the
> district court erred in denying his motion for a mistrial based
> on prejudice in the Jury Pool. The district court erred in
> denying petitioner's motion for new trial based on ineffective
> assistance of counsel. Also, District Court denied petitioner's
> motion for a downward dispositional departure and erred in
> sentencing him to life imprisonment with parole eligibility
> after a mandatory minimum of 25 yrs rather than a mandatory
> minimum of 20 years, which violated his U.S. Constitutional
> Rights and Due Process Rights.

ROA, Vol. 1 at 9.

U.S. 437, 449 (1992) (approving placing the burden on the defendant to demonstrate incompetence by a preponderance of the evidence). The KCA said that, although an expert witness testified in the state habeas proceedings about Mr. Yarbrough's low IQ, the expert could not offer an opinion as to competence, and Mr. Yarbrough had failed to offer other evidence concerning competency. *See id*. at *5. Finally, the KCA reviewed Mr. Yarbrough's trial testimony and conduct in post-trial proceedings and found no basis to question his competency. *See id*. at *7. It also rejected Mr. Yarbrough's claim that his trial counsel had rendered ineffective assistance by failing to raise the competency issue. *See id*. at *7-8.

On § 2254 review, the federal district court said Mr. Yarbrough failed to provide any basis to find the state courts' decisions on the competency issues were unreasonable. ROA, Vol. 5 at 16. It also said that, "[t]o the extent petitioner asserts [an ineffective assistance of counsel] claim here, the claim is denied, as the state courts reasonably determined that there had been no basis to question petitioner's competency, and petitioner cannot establish the requisite prejudice in the absence of evidence that he was in fact incompetent." *Id*. at 16 n.3.

## C. *Analysis*

None of the four issues Mr. Yarbrough lists in his brief to this court merits a COA.

### 1. **Failure to Order a Competency Evaluation**

Mr. Yarbrough argues the state district court should have ordered a competency evaluation. He contends that expert testimony at the state habeas evidentiary hearing about his "low IQ and intellectual ability, while not enough to make a finding of

incompetency, was enough to put the court on notice that Yarbrough's due process rights may have been violated and warranted further investigation." Aplt. Br. at 2. But there was no such testimony presented during pretrial or trial proceedings. The KCA found that Mr. Yarbrough had not raised the issue during trial and that the district court had no reason to believe he was incompetent. *See Yarbrough*, 2020 WL 5740891, at *4-5. In his request for a COA, Mr. Yarbrough has not shown that the KCA's decision was contrary to or an unreasonable application of clearly established Supreme Court law or an unreasonable determination of fact, nor has he shown that reasonable jurists would debate the district court's denial of habeas relief. We thus deny a COA on his competency issue.

2. **Ineffective Assistance of State Habeas Counsel**

Mr. Yarborough argues that his state habeas counsel was ineffective because he (1) failed to find a properly trained and qualified expert on competency, (2) was on notice of competency concerns from the low IQ test result, and (3) failed to call trial counsel at the state habeas evidentiary hearing. He did not present this issue to the KCA or the federal district court. We decline to address an issue raised for the first time here. *See Rojem v. Gibson*, 245 F.3d 1130, 1141 (10th Cir. 2001) (declining to consider argument raised for the first time on appeal from denial of federal habeas petition). Also, there is no federal constitutional right to counsel in state or federal collateral proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *accord Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). This principle is codified in AEDPA: "The ineffectiveness or incompetence of

6

counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C.A. § 2254(i).[3] We thus deny a COA on this issue.

### 3.  Failure to Appoint Counsel Sua Sponte

Mr. Yarbrough posits "[t]he Distric[t] Court of Kansas failed to appoint counsel, sua sponte," having been "put on notice regarding Yarbrough's disability . . . ." Aplt. Br. at 3.  But he was represented at trial, and as the federal district court noted, he proceeded both pro se and through appointed counsel on his multiple motions for state habeas relief. *See* ROA, Vol. 5 at 2.  Indeed, the record shows that Mr. Yarbrough had the benefit of appointed counsel for much of his state habeas proceedings, including for the evidentiary hearing. *See* ROA, Vol. 2 at 152 *et seq*.  Apart from failing to specify at what point the court should have sua sponte appointed counsel, Mr. Yarbrough did not raise this issue before the KCA or the federal district court.  And again, he had no federal constitutional right to counsel on state habeas review. *See supra.*  We therefore decline to grant a COA.

### 4.  Request for Sua Sponte Action

Mr. Yarbrough's fourth issue generally asks this court to protect the due process rights of individuals with mental health and capacity challenges.  Aplt. Br. at 3.  We appreciate his presentation, but it does not entitle him to a COA.

---

[3] In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that ineffective assistance of state postconviction counsel may be "cause" to forgive procedural default of an ineffective-assistance-of-trial-counsel claim, *id.* at 17.  Mr. Yarbrough does not make a *Martinez* argument here.

## III.  **CONCLUSION**

We deny a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge